UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN BARNABY,

       Plaintiff,                                      Hon. Ellen S. Carmody

v.                                                          Case No. 1:14-cv-1279

BRET WITKOWSKI, et al.,

       Defendants.
_____/

## OPINION

This matter is before the Court on Defendants' Motion to Dismiss and/or For Summary Judgment. (Dkt. #41). On June 11, 2015, the parties consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. (Dkt. #32). For the reasons discussed herein, Defendants' motion is **granted** and this matter is **terminated**.

## BACKGROUND

On or about July 27, 2005, Plaintiff purchased from Berrien County a foreclosed parcel of property for five thousand two hundred fifty dollars and zero cents ($5,250.00). (Dkt. #42, Exhibit A at PageID.166). Plaintiff failed to timely pay the 2005 and 2006 property taxes on this parcel, but satisfied each delinquency before such resulted in foreclosure. (Dkt. #42, Exhibit A at PageID.167-70).

Plaintiff likewise failed to timely pay the 2007 and 2008 property taxes on this property, but unlike previous years did not satisfy the delinquency. (Dkt. #42, Exhibit A at PageID.171-72). Berrien County initiated foreclosure proceedings and on March 1, 2010, the Berrien County Trial Court entered a judgment of foreclosure affording Plaintiff until March 31, 2010, to satisfy the outstanding delinquency. (Dkt. #42, Exhibit B at PageID.176-79). Plaintiff failed to satisfy the delinquency before the relevant deadline. (Dkt. #42, Exhibit A at PageID.173). Accordingly, a judgment of foreclosure was subsequently entered regarding the subject property which was later sold at auction to a third party. (Dkt. #42, Exhibit A at PageID.173-74).

Plaintiff later sought relief in state court to overturn the foreclosure and sale of the property in question. (Dkt. #42, Exhibits C-J). In an Order dated July 13, 2012, the Berrien County Trial Court denied Plaintiff's request for relief and upheld the foreclosure and subsequent sale of the property. (Dkt. #42, Exhibits K). Plaintiff thereafter unsuccessfully sought relief in the Michigan Court of Appeals and the trial court. (Dkt. #42, Exhibits L-N). Plaintiff initiated the present action on December 12, 2014, against Berrien County and County Treasurer, Bret Witkowski, seeking relief from the state court decisions described herein. (Dkt. #1). Defendants now move to dismiss Plaintiff's claims.

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are

referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## **ANALYSIS**

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also*, *Durham v. Haslam*, 2013 WL 2665786 at *3 (6th Cir., June 13, 2013) ("federal appellate jurisdiction over a state court decision lies exclusively with the Supreme Court, and not lower federal courts").

Plaintiff is seeking relief from a judgment entered against him in a state court action. This Court, however, lacks the authority and jurisdiction to hear Plaintiff's "appeal." *See Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (the federal district courts

lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"); *Durham*, 2013 WL 2665786 at *3 (same). Accordingly, the Court concludes that this action must be dismissed on the ground that this Court lacks subject matter jurisdiction to hear Plaintiff's "appeal."

## CONCLUSION

For the reasons articulated herein, <u>Defendants' Motion to Dismiss and/or For Summary Judgment</u>, (Dkt. #41), is **granted** and this matter **terminated**. An Order consistent with this Opinion will enter.

Date: January 21, 2016                                    /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge