UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OWEN BARNABY,

      Plaintiff,                                       Hon. Ellen S. Carmody

v.                                                           Case No. 1:14-cv-1279

BRET WITKOWSKI, et al.,

      Defendants.
_____/

## OPINION

This matter is before the Court on <u>Plaintiff's Motion for Summary Judgment</u>, (ECF No. 85), and <u>Defendants' Motion to Dismiss and/for Summary Judgment</u>, (ECF No. 124). The parties have consented to proceed in this Court for all further proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). By Order of Reference, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Plaintiff's motion is **denied**, Defendants' motion is **granted**, and this matter is **terminated**.

## BACKGROUND

In 2005, Plaintiff purchased from Berrien County a foreclosed parcel of property for five thousand two hundred fifty dollars and zero cents ($5,250.00). (Dkt. #125, Exhibit A). Plaintiff failed to timely pay the 2005 and 2006 property taxes on this parcel, but satisfied each delinquency before such resulted in foreclosure. (Dkt. #125, Exhibit A). Plaintiff failed to timely pay the 2007 and 2008 property taxes, but unlike previous years did not satisfy the delinquency. (Dkt. #125, Exhibit A). Berrien County subsequently initiated foreclosure proceedings and the property was eventually sold at auction. (Dkt. #125, Exhibit A).

Plaintiff later sought relief in state court to overturn the foreclosure and sale of the property in question. (Dkt. #125, Exhibits B-K). In an Order dated July 13, 2012, the Berrien County Trial Court denied Plaintiff's request for relief and upheld the foreclosure and sale of the property. (Dkt. #125, Exhibit K). Subsequent motions for post-judgment relief filed in the trial court were denied. (Dkt. #125, Exhibit M). Plaintiff thereafter unsuccessfully sought relief in the Michigan Court of Appeals. (Dkt. #125, Exhibits L and N).

Plaintiff initiated the present action on December 12, 2014, against Berrien County and Berrien County Treasurer, Bret Witkowski, asserting the following claims: (1) fraudulent misrepresentation and omission; (2) negligence; (3) unconscionability; (4) theft; (5) deprivation of due process; and (6) breach of contract. (ECF No. 1). Plaintiff now moves for summary judgment. Defendants move to dismiss Plaintiff's claims and, in the alternative, for summary judgment.

## LEGAL STANDARD

**I.**     **Motion to Dismiss**

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As

2

the Supreme Court subsequently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also, Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to

a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

**II.        Summary Judgment**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative

evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

I.   **Fraudulent Misrepresentation and Omission** (Counts I and II)

As noted above, Plaintiff failed to timely pay the 2005, 2006, 2007, and 2008 property taxes on the subject property. With respect to the 2005 and 2006 property taxes, Plaintiff satisfied the delinquency before the initiation of foreclosure proceedings. However, with respect to the 2007 and 2008 property taxes, Plaintiff did not satisfy the delinquency. Plaintiff alleges that "[a]fter the 2008 national recession, the Berrien County Treasurer, Mr. Bret Witkowski, entered into partial payment agreements for less than the amount to stop property foreclosure for delinquent property taxes." (ECF No. 1 at ¶ 7).

As previously noted, Plaintiff pursued legal action in state court to enforce his rights in the subject property. (ECF No. 1 at ¶ 12). Plaintiff concedes that during the course of this state court litigation, the question of whether Defendant Witkowski entered into the aforementioned partial payment agreement was litigated and that the state court concluded that no such agreement existed. (ECF No. 1 at ¶¶ 13-20). In Count I of his complaint, Plaintiff alleges that Defendant Witkowski's denial, throughout the state court litigation, of the existence of this alleged partial payment agreement constituted fraudulent misrepresentation and omission. (ECF No. 1 at PageID.12-14). In Count II of his complaint, Plaintiff alleges that Defendant Berrien County likewise committed fraudulent misrepresentation and omission on the ground that it employs Witkowski and, moreover, benefits from Witkowski's wrongful conduct. (ECF No. 1 at PageID.12-15). Plaintiff's claims are barred by res judicata and collateral estoppel.

6

Federal courts must afford to state court judgments the same preclusive effect as such would receive in that state's courts. *See Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 816-17 (6th Cir. 2010). Under Michigan law, res judicata "is employed to prevent multiple suits litigating the same cause of action." *Washington v. Sinai Hospital of Greater Detroit*, 733 N.W.2d 755, 759 (Mich. 2007). Res judicata bars a second cause of action when: (1) the prior action was decided on the merits; (2) both actions involve the same parties or their privies; and (3) the matter in the second case was, or could have been, resolved in the first. *Id.*

The related preclusion doctrine of collateral estoppel applies where: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; (3) there must be mutuality of estoppel. *See Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004). Estoppel is mutual "if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Id.* at 846-47. Defendants bear the burden to demonstrate the applicability of res judicata and collateral estoppel. *See Richards v. Tibaldi*, 726 N.W.2d 770, 776 (Mich. Ct. App. 2006) (res judicata); *Solomon v. Smith*, 2016 WL 594373 at *2 (Mich. Ct. App., Feb. 9, 2016) (collateral estoppel).

The record clearly establishes that Plaintiff's claim that he entered into a partial payment agreement with Defendant Witkowski to prevent the foreclosure of the subject property for failure to pay property taxes was litigated in the aforementioned state court action. This particular issue was raised by Plaintiff at multiple state court hearings. (ECF No. 125, Exhibit E; ECF No. 125, Exhibit H). In its decision granting a judgment of foreclosure to Berrien County, the state court specifically addressed the issue and found that no such partial payment agreement

7

existed. (ECF No. 125, Exhibit K). Specifically, the court made the following findings of fact: (1) Witkowski "did not make a written agreement with Barnaby to withhold the property from sale upon payment of less than the full amount required to redeem" and (2) Witkowski "did not make an oral agreement with Barnaby to withhold the property from sale upon payment of less than the full amount required to redeem" (ECF No. 125, Exhibit K). Based upon these factual findings, the court concluded that "Barnaby is not entitled to relief." (ECF No. 125, Exhibit K). There is nothing in record indicating that this determination was overturned, vacated, or modified on appeal. In sum, the requirements of res judicata and collateral estoppel are both satisfied. Accordingly, as to Plaintiff's claim for fraudulent misrepresentation and omission, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

**II.        Negligence**   (Count III)

In Count III of his complaint, Plaintiff alleges that Defendant Witkowski committed negligence. (ECF No. 1 at PageID.15-16). The basis for this particular claim is not entirely clear. Plaintiff articulates the basis for this claim as follows:

> Defendant Treasurer Bret Witkowski is liable for negligence for his failure to return Plaintiff's money before he sold the Plaintiff's property per Michigan state law and the Berrien County policy and procedure, causing harm to plaintiff as described in paragraphs above.

(ECF No.1 at PageID.16).

A review of Plaintiff's complaint, however, fails to adequately describe or identify the money which Plaintiff alleges Defendant Witkowski was obligated to return. It appears that the money in question is the amounts Plaintiff allegedly paid to Berrien County pursuant to the

aforementioned partial payment agreement into which Plaintiff and Witkowski allegedly entered. Plaintiff's claim fails for at least three reasons.

First, to the extent that Plaintiff's negligence claims is premised upon the existence of the alleged partial payment agreement, as discussed immediately above, that particular issue has already been litigated to Plaintiff's detriment. Thus, this claim is barred by collateral estoppel and res judicata. Second, Plaintiff's allegations fail to state a claim for negligence. Under Michigan law, a negligence claim consists of four elements: (1) duty owed by the defendant to the plaintiff; (2) breach of that duty; (3) causation; and (4) damages. *See Cawood v. Rainbow Rehabilitation Centers, Inc.*, 711 N.W.2d 754, 757 (Mich. Ct. App. 2005). Plaintiff makes no allegations which, even if accepted as true, satisfy the first three elements.

Finally, Defendant Witkowski is entitled to governmental immunity from this claim. Under Michigan law, "an employee of a governmental agency acting within the scope of his or her authority is immune from tort liability unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury." *Kendricks v. Rehfield*, 716 N.W.2d 623, 625 (Mich. Ct. App. 2006) (quoting Mich. Comp. Laws § 691.1407(2)). Michigan law defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." Mich. Comp. Laws § 691.1407(7)(a). Plaintiff does not allege that Defendant Witkowski was not acting within the scope of his employment nor does Plaintiff allege that Defendant Witkowski's conduct amounted to gross negligence. Accordingly, with respect to Plaintiff's negligence claim, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

**III.       Unconscionability**   (Count IV)

In Count IV of his complaint, Plaintiff alleges that Defendant Witkowski committed the tort of "unconscionability." (ECF No. 1 at PageID.16-17). As Defendant correctly notes, unconscionability is not a cause of action under Michigan law, but is instead a traditional defense to an action to enforce a contract. *See, e.g., Liparoto Construction, Inc. v. General Shale Brick, Inc.*, 772 N.W.2d 801, 805 (Mich. Ct. App. 2009). Accordingly, as to Plaintiff's unconscionability claim, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

**IV.       Theft**   (Count V)

In Count V of his complaint, Plaintiff alleges that Defendant Witkowski committed theft by failing to "follow through" on the aforementioned partial payment agreement Plaintiff allegedly negotiated with Witkowski. As previously discussed, the issue of whether Plaintiff and Defendant Witkowski entered into any such agreement has already been litigated in state court with a finding that no such agreement existed. This matter cannot be re-litigated in this forum. Plaintiff's theft claim is barred by the doctrines of res judicata and claim preclusion. With respect to Plaintiff's theft claim, therefore, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

**V.       Due Process**   (Count VI)

In Count VI of his complaint, Plaintiff alleges that Defendants violated his due process rights "when they sold the property without court Order." (ECF No. 1 at PageID.18). This claim concerns a procedural irregularity that occurred relative to the foreclosure and sale of the property in question. The factual specifics concerning this matter are as follows.

On March 1, 2010, the Berrien County Trial Court held a hearing concerning the petition filed by Berrien County seeking foreclosure of the property in question for failure to pay the property taxes. (ECF No. 125, Exhibit B). The Berrien County Trial Court subsequently entered a Judgment of Foreclosure, dated August 18, 2010. (ECF No. 125, Exhibit B). As Plaintiff correctly notes, however, by this time the property had already been sold at auction. Specifically, the property had been sold at auction the previous month. (ECF No. 89, Exhibit O at PageID.988-91). Thus, as Plaintiff asserts, the property was sold "without Court order." However, Plaintiff's claim that this violated his due process rights has already been litigated in state court and is, therefore, barred by the doctrines of res judicata and collateral estoppel.

Plaintiff raised this particular issue in state court and a hearing concerning this issue was conducted on December 17, 2012. (ECF No. 89, Exhibit O). With respect to this particular issue, the court observed that despite the fact that Plaintiff "knew this property was sold on the day it was sold," Plaintiff waited more than two years to raise any argument that the sale of his property was improper because the sale occurred prior to the entry of the Judgment of Foreclosure. (ECF No. 89, Exhibit O at PageID.991-97). The court rejected Plaintiff's request to set aside the sale of his property on the ground that, absent a violation of due process, a property owner's rights in a parcel of property are extinguished upon the entry of a judgment of foreclosure. (ECF No. 89, Exhibit O at PageID.998-99). With respect to Plaintiff's argument that the circumstance violated his due process rights, the court stated:

> I find the violations in this case were procedural, they did not rise to the level of a constitution – constitutional deprivation of due process, because, Mr. Barnaby had notice; he was at the sale; he knew what was going on; he had notice of the proceedings prior to

> that time.   What didn't happen here, was that, the judgment didn't
> get entered.   That's a procedural effect, not a constitutional defect.

(ECF No. 89, Exhibit O at PageID.999).[1]

Plaintiff's due process claim has already been adjudicated by the Michigan courts. Plaintiff's due process claim in this Court, therefore, is barred by the doctrines of res judicata and collateral estoppel.   Accordingly, with respect to Plaintiff's due process claims, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

**VI.        Breach of Contract**   (Counts VII and VIII)

In Count VII of his complaint, Plaintiff alleges that Defendant Witkowski breached the partial payment agreement the two allegedly negotiated.   (ECF No. 1 at PageID.18-19).   In Count VIII of his complaint, Plaintiff alleges that Berrien County, as Witkowski's employer, is likewise liable for breach of contract.   (ECF No. 1 at PageID.19-20).   As previously discussed, the question whether Plaintiff and Witkowski entered into a partial payment agreement regarding Plaintiff's property tax obligations has already been litigated in state court.   These claims are barred by res judicata and collateral estoppel.   Accordingly, with respect to Plaintiff's breach of contract claims, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted.

---

[1] The court also informed Plaintiff that while the sale of his property could not be set aside, he could pursue in the Michigan Court of Claims an action for damages resulting from the circumstances in question.   (ECF No. 89, Exhibit O at PageID.999).   There is no indication that Plaintiff ever pursued any such relief.

## CONCLUSION

For the reasons articulated herein, Plaintiff's Motion for Summary Judgment, (ECF No. 85), is **denied**; Defendants' Motion to Dismiss and/for Summary Judgment, (ECF No. 124), is **granted**; and this matter is **terminated**. An Order consistent with this Opinion will enter.


Date: January 12, 2018 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge